IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS LEE BRUCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 14-1166-JWL |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI) benefits under sections 1602 and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding error in the ALJ's credibility analysis, the court ORDERS that the Commissioner's decision shall be REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

**I.    Background**

Plaintiff applied for SSI, alleging disability beginning April 20, 2011.  (R. 32, 200).  Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits.  Plaintiff argues that the Administrative

Law Judge (ALJ) erred in her residual functional capacity (RFC) assessment. Plaintiff asserts that the ALJ erred in this regard in evaluating the treatment records of his treating physician, Dr. Ericksen; erroneously weighed the opinion of the non-treating consultant, Dr. Henderson; did not adequately explain her RFC findings; ignored certain factors suggesting Plaintiff's allegations of pain were credible; and did not adequately explain her evaluation of Plaintiff's mental impairments.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the

determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one

through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ did not affirmatively link her credibility determination to the record evidence.  Because this error requires remand and a renewed RFC assessment, the court will not address the other errors alleged in Plaintiff's Brief.  He may renew his argument in this regard to the Commissioner on remand.

## II.   The ALJ Did Not Affirmatively Link Her Credibility Determination to the Record Evidence

Plaintiff's treating physician, Dr. Ericksen, ordered an MRI of Plaintiff's spine, which was completed shortly before the ALJ hearing in this case, but Plaintiff had not had a follow-up visit and Dr. Ericksen would not release the results of the MRI until after he discussed them with Plaintiff.  At the hearing, on January 29, 2013, Plaintiff asked the ALJ to leave the record open for one week so that he might submit into the record the MRI findings and Dr. Ericksen's notes of the follow-up visit, which was scheduled for the day after the hearing.  The ALJ agreed, and the records were submitted and admitted as Exhibit 26F (R. 565-68).  Dr. Ericksen found that the MRI revealed a congenitally narrow

spinal canal, a disc bulge at L5-S1 impinging on the neural foramen, and neural foraminal stenosis bilaterally at L4-L5. (R. 567). Dr. Ericksen recommended epidural injections, but they were not performed because Plaintiff was "having insurance issues." (R. 568).

Plaintiff discussed these facts in his brief, and argued that the ALJ did not consider them in his credibility determination:

> These were, moreover, impairments for which Plaintiff could not afford treatment and for which Plaintiff reported that Dr. Ericksen mentioned both the injections and possible surgery. These were impairments from which Plaintiff sought relief and was prescribed narcotic pain medication. The ALJ did not consider these pain factors, which require express consideration. The ALJ is not free to ignore factors favorable to Plaintiff's credibility. The court cannot reweigh the pain factors to uphold the ALJ's erroneous determination.

(Pl. Brief 10) (citations omitted).

In her response brief, the Commissioner did not argue that the ALJ's credibility determination was proper, but that Plaintiff did not "directly challenge" the ALJ's credibility determination, "and has, therefore waived any such argument." (Comm'r Br. 8, n.4). In his reply, Plaintiff points to the argument which the court quoted above, and argues that he did, in fact, dispute the ALJ's credibility finding. (Reply 6).

Although Plaintiff did not provide a titled section of his brief to argue that the ALJ's credibility finding was erroneous, as quoted above, he did raise the issue. Moreover, Plaintiff's argument is captioned, "The ALJ Erroneously Determined Plaintiff's Residual Functional Capacity," and the Tenth Circuit has noted that "[s]ince the purpose of the credibility evaluation is to help the ALJ assess a claimant's RFC, the

ALJ's credibility and RFC determinations are inherently intertwined." Poppa v. Astrue, 569 F.3d 1167, 1171 (10th Cir. 2009); see also Newbold v. Colvin, 718 F.3d 1257, 1261 (10th Cir. 2013) (quoting Poppa); McFerran v. Astrue, 437 F. App'x 634, 637 (10th Cir. 2011). Further, although Plaintiff's credibility argument is only one paragraph, he raised the issue, he argued that the ALJ ignored and did not weigh certain factors favorable to the credibility of his allegations, and he argued that it is improper for the court to reweigh the evidence regarding credibility. The Commissioner was on notice that credibility is at issue and the court finds no waiver.

### A.     **Standard for Determining Credibility**

The framework for a proper credibility analysis is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). An ALJ must consider (1) whether the claimant has established a symptom-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, the claimant's symptoms are in fact disabling. See, Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (explaining the Luna framework). The Commissioner promulgated regulations suggesting relevant factors to be considered in evaluating credibility: Daily activities; location, duration, frequency, and intensity of symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness, and side effects of medications taken to relieve symptoms; treatment for symptoms; measures plaintiff has taken to relieve symptoms; and other factors concerning limitations

or restrictions resulting from symptoms.  20 C.F.R. § 416.929(c)(3)(i-vii).  The court has recognized a non-exhaustive list of factors which overlap and expand upon the factors promulgated by the Commissioner.  Luna, 834 F.2d at 165-66.  These factors include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Thompson, 987 F.2d at 1489).

The court's review of an ALJ's credibility determination is deferential and it is generally treated as binding on review.  Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983).  "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence.  Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173.  Therefore, in reviewing the ALJ's credibility determinations, the court will usually defer to the ALJ.  Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); but see Thompson, 987 F.2d at 1490 ("deference is not an absolute rule").  "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'"  Wilson, 602 F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)); Hackett, 395 F.3d at 1173 (same).

### B. The ALJ's Findings

The ALJ summarized Plaintiff's allegations of symptoms and determined that Plaintiff's medically determinable impairments could cause the alleged symptoms, but found Plaintiff's allegations "are not fully credible in light of the following reasons." (R. 37). In a section entitled "Credibility Analysis and Evidentiary Analysis" spanning the next two pages of her decision, the ALJ summarized the record evidence. (R. 37-39). The ALJ concluded her analyses with this assessment:

> Considering the clinical assessments, namely the mental status examinations, and the claimant's subjective complaints at the hearing, I incorporated greater limitations to medium work to account for moderate restrictions in social functioning and concentration, persistence, and pace: limited to simple and routine tasks; no fast-paced production or high quota demands; limited to a static work environment, meaning one in which there is little change; limited to occasional interaction with supervisors, co-workers, and the general public.

(R. 39).

As quoted, the ALJ stated that she had "incorporated greater limitations to medium work" and had assessed certain limitations in Plaintiff capabilities in consideration of "the claimant's subjective complaints at the hearing." Id. However, in the "credibility analysis" the court finds little to indicate the bases for the ALJ's determination that Plaintiff's allegations are not fully credible, or which allegations she found credible.

In her analysis, the ALJ stated that she had restricted Plaintiff to medium work "in deference to" his subjective complaints. (R. 38) (in a parenthesis excepting Plaintiff's allegations "of knees 'locking up' since there is no evidence in the record to support such

allegations"). She also noted Plaintiff's complaints of symptoms resulting from his mental impairments which made it difficult for him to search for employment, but explained that Plaintiff later reported "that he had started a training program for computer technicians, which suggests a higher level of functioning than alleged."  Id.  From these findings, it would appear that the ALJ accepted Plaintiff allegations of physical problems except for his allegation of knees "locking up," and that she found his mental impairments limited him only to unskilled work.

However, the ALJ's decision acknowledges that Plaintiff also alleged that he has physical limitations including difficulty breathing, lifting, standing, and sitting, and that he stated he could not do hard labor work, and had "back problems."  (R. 37).  So far as the credibility analysis reveals, the ALJ accepted all of these limitations.  But, she also determined Plaintiff can perform a range of medium work.  She simply did not explain how she arrived at the conclusion that Plaintiff's allegations of physical limitations are entitled to deference to the extent of medium level work, but no further.  She stated that the limitations she assessed would account "for continued mild symptoms, pending the recommended treatment" (R. 38), but she did not explain how it was that "deference to the claimant's subjective complaints," id., leads to the conclusion that his symptoms are only "mild."  Here, the credibility finding is merely a conclusion in the guise of findings, and has not been affirmatively linked to substantial record evidence.  This is error requiring remand.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 14th day of July 2015, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**