IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS LEE BRUCE, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>**Defendant.** )<br>_____ ) | CIVIL ACTION<br><br>No. 14-1166-JWL |

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's "Application for Attorney Fees Pursuant to the Equal Access to Justice Act and Memorandum in Support Thereof" (EAJA) (28 U.S.C. § 2412) (Doc. 25) (hereinafter EAJA Mot.).

As a preliminary matter, the court notes that the record reveals Plaintiff's counsel did not follow the requirements of Local Rule 54.2 regarding "Award of Statutory Attorney's Fees." D. Kan. Rule 54.2. That rule requires the party who makes a motion for statutory attorney's fees to "promptly initiate consultation with the other party." Id. 54.2(a). If the parties do not reach agreement regarding fees, the moving party is required to file a statement to that effect, and a memorandum providing the factual basis for the fee award criteria. Id. 54.2(c). "The statement of consultation must set forth the date of

consultation, the names of those who participated, and the specific results achieved." Id. 54.2(d). The Rule contemplates that the statement of consultation and the memorandum providing the factual basis for the fee award criteria will be provided in Plaintiff's memorandum in support of his fee request. Therefore, as an exception to Local Rule 7.1(a) it provides that the memorandum in support of the fee request "need not be filed at the same time as the motion" for attorney fees, id. 54.2(e), and that the statement of consultation and memorandum providing the factual basis for the fee award criteria need be filed only "within 30 days of filing the motion." Id. 54.2(c). Plaintiff has not filed a statement of consultation informing the court whether consultation occurred, the date of consultation, names of the participants, or the specific results achieved, perhaps because counsel filed no separate memorandum in support of his motion, but included all of the information and argument he considered relevant to the motion as a part of the motion itself. (EAJA Mot.). In any case, Plaintiff's counsel did not comply with the local rule. In the future, counsel will be expected to do so, and to inform the court accordingly.

The court also notes that it previously brought this issue to counsel's attention in the case of Hinck v. Colvin, Civ. A. No. 13-1389-JWL, slip op. (D. Kan. Oct. 27, 2015). However, that opinion was filed four days after counsel filed the motion for attorney fees in this case. Therefore, the court will not hold his actions against counsel in this case, but the court expects the issue to be corrected in the future.

**I.     Background**

Plaintiff sought review of the Acting Commissioner of the Social Security Administration's (hereinafter Commissioner) decision denying supplemental security income benefits. (Doc. 1). The Commissioner answered, and filed the transcript of record with the court. (Docs. 10, 11). After briefing was complete, the court found that remand was necessary because the ALJ's credibility finding was merely a conclusion in the guise of findings and was not linked to substantial record evidence. (Doc. 23, p.9). Plaintiff now seeks payment of attorney fees pursuant to the EAJA. (EAJA Mot.).

Plaintiff's counsel, Mr. David H. M. Gray, has asserted in attachments to his motion that: (1) he represents plaintiff in this matter, (2) that compensation of $189.86 per hour is justified by increases in the cost of living, and (3) that he expended thirty-seven and two-tenths hours in representing Plaintiff including; (a) thirty-five and seven-tenths hours in case preparation before this court, and (b) one and five tenths additional hours in preparation of the EAJA fee application.

## II.   Legal Standard

The court has a duty to evaluate the reasonableness of every fee request. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433-34 (1983). The EAJA,[1] 28 U.S.C. § 2412(d)(1)(A),

---

[1]In relevant part, the EAJA states:

> (d)(1)(A) . . . a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. . . .

28 U.S.C. § 2412.

requires that a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified.  Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995) (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991)).  The test for substantial justification is one of reasonableness in law and fact.  Id.  The Commissioner bears the burden to show substantial justification for her position.  Id.; Estate of Smith, 930 F.2d at 1501.  The maximum fee of $125 per hour provided in § 2412(d)(2)(A), if awarded, may be adjusted for increases in the cost of living.  Harris v. R.R. Ret. Bd. 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2412(d)(2)(A)(ii).

The party seeking attorney fees bears the burden of proving that his request is reasonable and must "submit evidence supporting the hours worked."  Hensley, 461 U.S. at 433, 434.

### III.   Discussion

#### A.   Arguments

In opposing an award of attorney fees, the Commissioner argues that the position taken by the government was "substantially justified."  This is so, she argues, because the issue the court found dispositive--credibility--was only mentioned in a single paragraph in Plaintiff's Brief, and the brief focused primarily on other alleged errors in the residual functional capacity (RFC) assessment.  She argues that she did not view this paragraph as a direct attack on the credibility determination and focused on Plaintiff's other allegations of error.  She argues that this position was reasonable in law and fact.  It has been more than fourteen days since the Commissioner filed her opposition to Plaintiff's fee request,

and Plaintiff has filed no Reply Brief as allowed by Local Rule. D. Kan. Rule 6.1(d)(1). Therefore, the motion is ripe for the court's consideration without Plaintiff's Reply Brief.

### B.      Analysis

The court finds the Commissioner's position is not substantially justified. It is true that Plaintiff organized his Brief in this case around a single allegation of error--that the ALJ had erroneously assessed Plaintiff's RFC. (Doc. 16, pp.4-16) (hereinafter Pl. Br.). And, Plaintiff's treatment of that alleged error was a "stream of consciousness" argument in which he alleged multiple deficiencies in the ALJ's handling of the RFC assessment-- that the ALJ erred in considering Dr. Henderson's report (Pl. Br. 6-7), erred in relating Dr. Henderson's and Dr. Erickson's reports, id. at 7-8, failed to provide an adequate narrative discussion, id. at 8-10, misread or misunderstood the medical evidence, failed to apply step two findings in her step four analysis, id. at 11-12, and inadequately considered the longitudinal record of Plaintiff's mental functioning. Id. at 12-14. In the midst of this argument, Plaintiff inserted a single paragraph stating that the ALJ inadequately addressed Plaintiff's alleged pain in her credibility determination. Id. at 10.

The Commissioner did not view that single paragraph as a direct attack on the ALJ's credibility, and argued in a footnote of her Response Brief that Plaintiff had not directly attacked the credibility finding in his Social Security Brief and had thereby waived any such argument. (Doc. 19, p.8, n.4) (hereinafter Comm'r Br.). In his Reply Brief, Plaintiff pointed to the paragraph in his Social Security Brief where he had stated

that the ALJ inadequately addressed pain in her credibility determination, and argued that he had not waived the credibility argument. (Doc. 22, p.6) (hereinafter Pl. Reply).

In its Memorandum and Order deciding this case, the court agreed that Plaintiff had adequately addressed the issue of credibility in his Brief and had not waived that issue. (Doc. 23, pp.5-6). Plaintiff had not waived the issue by raising it for the first time in his Reply Brief. Rather, the issue was argued in his Social Security Brief, but was "disguised" in the sense that it was not addressed in a separate "credibility" section but was addressed among many other issues in a "stream of consciousness" RFC argument. Despite Plaintiff's explanation in his Reply Brief, the Commissioner did not seek to file a surreply brief to address the issue. Consequently, the fact that the Commissioner addressed the other issues raised in Plaintiff's Brief, but did not address the issue of credibility cannot mean that her position before this court was "substantially justified." Moreover, the Commissioner does not even argue that the ALJ's position in the proceedings below was substantially justified.

Once the court has determined that Plaintiff qualifies for fees pursuant to the EAJA, it still must determine what fee is reasonable. Commr., I.N.S. v. Jean, 496 U.S. 154, 163 (1990) ("no award of fees is 'automatic'"). Moreover, "a district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications—like any other improper position that may unreasonably protract proceedings—are matters that the district court can recognize and discount." Id., 496 U.S. at 163. To determine a reasonable fee, the Court

must first calculate the "lodestar amount." Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433.

A noted above, Plaintiff's Social Security Brief was a "stream of consciousness" argument in which he alleged multiple deficiencies in the ALJ's handling of the RFC assessment. Such briefing is unworthy of a practitioner with extensive experience in Social Security practice before the federal court who devotes over ninety-nine percent of his practice to representing Social Security disability claimants, as counsel here asserts he does. (EAJA Mot., Attach. 2). It was this very briefing style which "disguised" Plaintiff's credibility argument and hid it among Plaintiff's other claims of error. Moreover, it is extremely likely--a virtual certainty--that if the controversy regarding waiver of the credibility claim had not been brought to the court's attention, it would not have specifically addressed that issue in its Memorandum and Order. Therefore, the nineteen and forty-five hundredths hours counsel claims to have expended in preparation of Plaintiff's Brief, id. is unreasonable. The court finds that the reasonable time for preparation of Plaintiff's Social Security Brief should, therefore, be ten hours.

Moreover, the court also finds that the rate requested is excessive in the circumstances of this case. More than half of the time expended on this case, as provided in counsel's statement, was expended in 2014. (EAJA Mot. Attach 2). However, counsel attached a calculator suggesting that the time should be compensated at the rate for 2015. The court used the Bureau of Labor Statistics CPI Inflation Calculator as suggested by

counsel's filings (EAJA Mot. Attach 3) and determined that the appropriate rate for 2014 is $188.60 per hour.  <u>Available online at</u>: http://data.bls.gov/cgi-bin/cpicalc.pl?cost1=125.00&year1=1996&year2=2014.

The court has determined that the number of hours reasonably expended in this litigation is twenty-seven and seventy-five hundredths hours, after allowing only ten hours for the preparation of Plaintiff's Brief.  It has also determined that the statutory attorney fee of $125 per hour reasonably adjusted for inflation yields a rate of $188.60 per hour.  Therefore, the court finds that a reasonable attorney fee in this case is $5,233.65.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for attorney fees pursuant to the EAJA (Doc. 25) is GRANTED IN PART to the extent of $5,233.65.  As Plaintiff's motion requests, the payment shall be issued to Plaintiff in care of his counsel.

Dated this 13th  day of November 2015, at Kansas City, Kansas.

s:/ John W. Lungstrum<br>
**John W. Lungstrum**<br>
**United States District Judge**